**CITY OF STRAWN v. BOARD OF WATER ENGINEERS OF TEXAS et al.**

No. 8926.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1939.

Rehearing Denied Dec. 13, 1939.

Oxford & McMillan, of Stephensville, for appellant.

Gerald C. Mann, Atty. Gen., and Robert E. Kepke, H. Grady Chandler, and James Noel, Assts. Atty. Gen., for appellee State Board of Water Engineers.

L. R. Pearson, of Ranger, for appellee City of Ranger.

McCLENDON, Chief Justice.

Appeal by Strawn (City of Strawn) from a judgment of dismissal after sustaining pleas to the jurisdiction, in a proceeding brought by Strawn against the Board (Board of Water Engineers of Texas), its members, and Ranger (City of Ranger) "instituted and prosecuted as an appeal from an order of the Board" granting to Ranger a permit to construct a dam and lake on Russell Creek in Eastland County, "and to divert therefrom not to exceed 525 acre feet per annum."

The pleas to the jurisdiction were predicated (among other grounds not necessary to consider) upon the proposition that appeals from orders of the Board, an administrative body, are only allowed in those instances in which they are expressly authorized by statute (Arts. 7474, 7519, 7530, 7567 and 7590); in none of which articles is the order here involved included.

These pleas were properly sustained on this proposition under the express holding in Motl v. Boyd, 116 Tex. 82, 286 S.W. 458.

Appellant virtually, though not expressly, concedes this proposition; but contends that a justiciable controversy was asserted between it and Ranger, in that a permanent injunction was sought to prevent the erection of the dam, and the court therefore erred in sustaining Ranger's plea to the jurisdiction.

Immediately following the initial paragraph of Strawn's petition formally setting forth the names and residences of the parties is a paragraph designated 2, which characterizes the nature of the proceeding. It reads: "That this suit is instituted and prosecuted as an appeal from an order of the Board of Water Engineers in Case No. 1357 which order was entered on the 29th day of November, A. D. 1938, granting the application of the City of Ranger for a permit to construct a lake and dam on Russell Creek in Eastland County, Texas, for the purpose of creating a reservoir having a storage capacity of 2000 acre feet and to divert therefrom not to exceed 525 acre feet per annum a copy of which or-

der is hereto attached and made a part of this petition, and marked Exhibit 'A'."

The petition then sets out with much particularity the circumstances under which the order was granted and the various proceedings before the Board having bearing upon the controversy. For our present purposes the following résumé of the allegations will suffice:

In May, 1937, upon application of Strawn and after full hearing, the Board granted to Strawn a permit to construct a dam across Russell Creek of stated dimensions and to appropriate from its waters not to exceed 160 acre feet per annum. In pursuance of that permit Strawn had constructed the dam at stated great cost to it. Thereafter, in October, 1938, Ranger applied to the Board to construct a dam on Russell Creek of stated dimensions, three miles upstream from Strawn's dam, and to appropriate from the waters of the creek not to exceed 525 acre feet per annum. After full hearing upon this application, in which Strawn participated in protest, it was granted on November 29, 1938, "from which order the City of Strawn has appealed by filing this suit as aforesaid."

The petition then alleges in detail facts relative to the area of the watershed of Russell Creek above the sites of the two dams; inadequacy of the flow of the stream to supply the water appropriated by Strawn under its permit, if the Ranger dam is constructed; and various other deleterious effects to its rights which would follow from the order granting the permit to Ranger.

The petition then alleges that the granting of the permit to Ranger "is unreasonable, inequitable, arbitrary, discriminatory, confiscatory and unjust for the following reasons:" the latter being a résumé of the previous factual allegations. Then follow paragraphs 11 and 12 of the petition, which read:

"11. That all of the facts alleged herein were made to appear in said hearing before the Board of Water Engineers of the State of Texas and said Board made no finding to the contrary to the facts herein alleged and if any finding was made by said Board contrary to the facts herein alleged then such finding was without any evidence to support it and against the undisputed evidence.

"12. That the City of Ranger, unless restrained, will proceed to construct the proposed lake and dam to the great and irreparable injury and damage to the City of Strawn and said City of Strawn has no adequate remedy at law and therefore sues for injunction to restrain the City of Ranger from constructing such lake and dam upon Russell Creek above the dam of the City of Strawn."

The prayer of the petition reads:

"Premises considered plaintiff prays that all parties being before the Court the order entered by the Board of Water Engineers of Texas granting a permit to the City of Ranger to construct a dam on Russell Creek as herein alleged be set aside and declared null and void; that a writ of injunction be granted, enjoining the said defendant, City of Ranger, from constructing the lake and dam on Russell Creek and that defendant, City of Ranger, be perpetually enjoined from constructing such dam on Russell Creek and that plaintiff recover its costs herein and for all other and further, general and special, legal and equitable relief to which plaintiff may be justly entitled under the facts proved as in duty bound plaintiff will ever pray."

It is quite plain that the suit was nothing more than what the petition expressly designates it to be, "an appeal from an order of the Board of Water Engineers"; that Ranger, in whose interest the order was passed, was a necessary party to such appeal; and that the injunctive relief sought against Ranger was merely ancillary to the main purpose and objective of the suit, namely, that the order appealed from "be set aside and declared null and void."

The order in question was purely an administrative act. Motl v. Boyd, above. No right of appeal from it could exist in the absence of statutory authority; and where such authority is given the proceeding authorizing it is a special one and governed strictly by the provisions of the authorizing statute. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, and the authorities therein cited and reviewed.

We are not here concerned with the question whether in such a proceeding a plenary action over which the court has potential jurisdiction, but not germane to the proceeding (appeal from the order of the Board), can be joined with or without the consent of the adverse parties. There was no attempt to join such plenary action, but only to "institute and prosecute" the

suit "as an appeal from an order of the Board of Water Engineers." Strawn so expressly designated and only so designated the proceeding in its petition. To hold that a plenary suit was joined or sought to be joined in such special proceeding "as an appeal from the order," would be to read into the petition a meaning it does not convey, and one totally foreign to its express language.

Nor does the fact that the proceeding sought to be instituted was one which Strawn had no right to institute because not authorized by statute, in any respect change its character. The suit was but a futile attempt to invoke the jurisdiction of the court when none in fact existed.

The judgment sustaining the pleas to the jurisdiction in no way affects or adjudicates whatever rights Strawn may have to enjoin' Ranger from building the dam or appropriating the waters of the creek in a plenary suit brought for that purpose in the proper forum.

The trial court's judgment is affirmed.