**JUD v. CITY OF SAN ANTONIO et al.**

No. 11440.

Court of Civil Appeals of Texas. San Antonio.

Aug. 23, 1944.

Rehearing Denied Sept. 20, 1944.

Reynolds N. Cate, of San Antonio, for appellant.

T. D. Cobbs, Jr., and Hugh R. Robertson, both of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by George F. Jud in the District Court of Bexar County against the City of San Antonio and members of the Board of Firemen, Policemen and Fire Alarm Operators Pension Fund Trustees of San Antonio, hereinafter referred to as the Pension Board, seeking a "Declaratory Judgment" setting aside the order of said Pension Board denying Jud a pension, and requiring it to place him upon the pension rolls to be paid $80 per month and, in the alternative, to recover the sum of $600 or $700, alleged to be the amount paid into such fund by Jud.

The trial court, after hearing considerable evidence, sustained a plea to the jurisdiction of the court and dismissed the cause.

From this judgment of dismissal George F. Jud has appealed.

The case presents the one controlling question, as to whether the trial court had jurisdiction of this cause.

The Pension Board was organized and operates by virtue of the Acts of 1941, 47th Legislature, p. 134, Ch. 105, which became effective April 22, 1944, and now found in Vernon's Ann.Civ.Stats. as Article 6243f. Section 2 of this article provides that: "The Board shall have the complete authority and power to administer all of the provisions of this Act and any implied powers under this Act."

The Act does not provide for any appeal from a decision of the Pension Board to any court.

Appellant does not allege facts showing that he was entitled to a pension as a matter of law, or that the Board has acted fraudulently or arbitrarily in refusing him a pension. The facts alleged show that at most a matter was placed before the pension board that called for the exercise of its discretion and that it exercised that discretion against granting appellant a pension.

According to the allegations in appellant's petition he had served for more than twenty years as a member of the fire department of the City of San Antonio, and that during that time he had contributed more than one per cent of his salary to the pension fund. His age is not shown. Whether or not, under such circumstances, he should be granted a certificate of retirement, was purely a matter of discretion with the pension board.

Section 8 of the Act provides as follows:

"Whenever any member of said Departments shall have contributed a portion of his salary and shall have served twenty (20) years, in either of said Departments he may be issued a Certificate of Retirement, which Certificate shall entitle holder to full benefits hereunder provided when presented as application for retirement. No member shall ever receive any award from this Fund for retirement until he has at least served twenty (20) years in either or all of the Departments. A member retiring under the provisions of this Act shall receive one-half (1/2) of the salary received by him at the time of retirement; provided, however, that in no instance shall the monthly pension allowance awarded him be in excess of one-half (1/2) of the current base pay of a private per month. A member under the age of fifty-five (55) years shall not be entitled to a Certificate of Retirement as a matter of right for service of twenty (20) years, but the Board shall have a hearing of the application and if it appears that the applicant is reasonably able to perform his duties, the Certificate shall not be granted. Any member reaching the age of sixty-five (65) years and having served twenty (20) years in either or all of the Departments, and who has not been retired from such Department, shall be summoned before the Board for the purpose of determining whether or not he should be retired under the provisions of this Act."

Appellant does allege in his petition that "the action of the pension board in denying him a pension and to be placed on the pension rolls, and the failure to grant him a pension, and the action of the Board is illegal, arbitrary, wanton, capricious, malicious and wilful, and constituted gross misconduct by the Board, and was wrongful and showed gross disregard of the rights of the plaintiff." However, the other allegations in the petition and the undisputed evidence introduced at the hearing show that the pension board did not so act, but,

on the contrary, exercised its discretion in a proper manner. City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 112 A.L.R. 997.

Appellant's suit is an attempt to appeal from the action of the pension board to the District Court of Bexar County. The District Court has no jurisdiction to hear such an appeal. City of Strawn v. Board of Water Engineers of Texas, Tex. Civ.App., 134 S.W.2d 397.

Appellant contends that he was in any event entitled to recover the sum of $600 or $700 paid by him into the pension fund. It is plain that this recovery would depend primarily upon his establishing the fact that he had been denied a pension wrongfully. The court being without jurisdiction to review the action of the pension board was without jurisdiction to pass upon this alternative remedy. City of Strawn v. Board of Water Engineers of Texas, supra.

The judgment is affirmed.