## TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,

v.

## Shannon L. MORRIS et al., Respondents.

### No. B-912.

Supreme Court of Texas.

Dec. 31, 1968.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, Crawford Martin, Atty. Gen., Monroe Clayton, Asst. Atty. Gen., Austin, for petitioner.

R. E. McDaniel, Winnie, Carey Williams, Houston, for respondents.

POPE, Justice.

■■ The Department of Public Safety gave notice to the eighty-three respondents to surrender their licenses and automobile registrations. The Department had earlier suspended the licenses and registrations, and the respondents appealed the suspension orders to the County Court of Shelby County, where none of them had ever been a resident. The Shelby County Court issued orders which stayed each of the suspension orders, but the Department ignored them, insisting that the Shelby County Court had no jurisdiction over any of the suspension orders. The respondents jointly filed this suit in Harris County after receiving the surrender notices. They asked for a declaratory judgment that the surrender notices are a nullity, and they assert their right to appeal from the notices to surrender. The courts below have sustained respondents' prayer. 426 S.W.2d 290. The Department contends: (1) The Shelby County Court was without jurisdiction to entertain the appeals and grant orders which stayed the suspensions, and that the suspensions became final. (2) The Department did not have the burden of proof in this case, which was a purported appeal from notices of surrender after the suspensions became final. We reverse the judgment below and render judgment that the respondents take nothing.

The suspension orders, in our opinion, became final, because each respondent, after receiving the order, appealed to a court which had no jurisdiction to entertain his appeal. The eighty-three respondents at different times and places had accidents or owned vehicles which were involved in accidents. Following each accident, the Department took the steps necessary for a suspension of the driver's license and owner's registration, as required by the Safety Responsibility Law. A brief review of the law's requirements and the Department's action is necessary to an understanding of the case.

Section 4, Article 6701h, Vern.Tex.Civ. Stats., requires an operator of a vehicle involved in an accident to make a report to the Department. Upon receipt of such report the Department, in compliance with Section 5(a) of the Act, must determine the amount of security which is sufficient in its judgment to satisfy any judgments for damages resulting from such accident. The Department is required by Section 5 (b), Article 6701h, within sixty days of its receipt of an accident report, to order a suspension of the license and registration

of each operator and owner of the vehicle involved in an accident, unless the operator or owner deposits security in the sum determined by the Department. Section 5(b) requires the Department to send the operator and owner a notice of its suspension order, which notice must show the amount required as security and must be sent not less than ten days before the effective date of the suspension. The Department complied with all of these statutory requirements with respect to each of the accidents and each of the eighty-three operators or owners of vehicles involved in the accidents.

The respondents, as operators and owners of the vehicles involved in accidents, had the right to appeal from the Department's suspension orders. Section 2(b), Article 6701h accorded them this right, but the statutory right to appeal was "in the county wherein the person aggrieved by such order or act resides, * * *." Each of the respondents, instead of complying with the order of the Department to deposit security within the time permitted for an appeal, chose the alternative remedy to file a petition for appeal and obtain an order to stay the suspension order.

Each of the appeals by the respondents was by a petition filed in the County Court of Shelby County, which court also issued stay orders in each appeal. The petitions filed by each respondent and the stay orders of the Shelby County Court omitted any statement about the residence of the one appealing. None of the respondents has ever resided in Shelby County. The Department ignored all of the stay orders, since appeals were taken to and the stay orders were rendered by a court which lacked jurisdiction.

The respondent operators and owners say that the Shelby County Court is a court of general jurisdiction, the stay orders issued by that court are valid on their face, and the Department could not ignore them, since that amounts to a collateral attack upon the orders of the Shelby County Court. We do not agree with the contention that the Shelby County Court, when acting on appeals from orders of the Department of Public Safety under Article 6701h, was exercising its general jurisdiction. An appeal from orders suspending drivers' licenses and owners' registrations is a special proceeding which exists only by reason of special statutory authorization.

Schwantz v. Texas Department of Public Safety, 415 S.W.2d 12 (Tex.Civ.App. 1967, writ ref.) settled the question about jurisdiction on appeal from orders of the Department of Public Safety. In an opinion which this court approved, the court said:

"No right of appeal from the orders involved in the instant case, therefore, exists 'in the absence of statutory authority; and where such authority is given the proceeding authorizing it is a special one and governed strictly by the provisions of the authorizing statute.' City of Strawn v. Board of Water Engineers, Tex.Civ.App., 134 S.W.2d 397, 398, writ refused. 'The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable.' Mingus v. Wadley (1926), 115 Tex. 551, 285 S.W. 1084, 1087. See Goff v. State Board of Insurance, Tex.Civ. App., 319 S.W.2d 383, 385, no writ.

"In Cunningham v. Robison, 104 Tex. 227, 136 S.W. 441, the Supreme Court considered the statute governing removal of disabilities of minority (now Art. 5922, V.A.C.S.), under which, it is enacted, the petition shall be filed in the District Court where the minor resides. The Supreme Court noted that the statute conferred a 'special authority' and a 'special jurisdiction' on the court. It was held the provision was jurisdictional, and the court had 'no jurisdiction except over such minors as may reside within the county.'"

Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089, (1926) stated the rule:

"The rule is well settled in most jurisdictions and in this state 'that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law, since under such circumstances the court stands with reference to the special power exercised on the same footing with courts of limited and inferior jurisdiction."

We conclude that the attempted appeals from the Department's suspension orders in Shelby County, and the stay orders issued by the County Judge of that county were void. See, City of Strawn v. Board of Water Engineers, 134 S.W.2d 397 (Tex. Civ.App.1939, writ ref.). It follows that the Department's orders which suspended the licenses and registrations held by the respondents became final because there were, in law, no appeals from any of them to a court which had jurisdiction.

The Department ignored the Shelby County stay orders and treated the suspension orders as final. It proceeded with the next step required by the law, which was the enforcement of the suspension orders. The Department by proper notice called upon each respondent to surrender his license or registration which had been suspended. The Department also filed complaints against some of the respondents for willful failure to return the license or registration. Sections 31 and 32(d) of Article 6701h authorized the Department to proceed in this manner:

"Sec. 31. Any person whose license or registration shall have been suspended as herein provided, or whose policy of insurance or bond, when required under this Act, shall have been cancelled or terminated or who shall neglect to furnish other proof upon request of the Department, shall return his license and registration to the Department within ten (10) days after receiving notice from the Department in writing, either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at the last address supplied to the Department by the licensee, which notice shall be presumed to be complete upon the expiration of nine (9) days after such is deposited in the United States mail. If any person shall fail to return to the Department the license or registration as provided herein, the Department shall forthwith direct any employee of the Department to secure possession thereof and to return the same to the Department. The Director of the Department of Public Safety, or a person designated by him may file a complaint in any court of competent jurisdiction under Subsection (d) of Section 32 against any person whom he has reason to believe has wilfully failed to return license or registration as required herein. Proof of the giving of notice in either such manner as hereinabove set out may be made by the certificate of any employee of the Department that such notice was prepared in the regular course of business and placed in the United States mail as a part of the regular organized activity of the Department, or, if given in person, by certificate of the employee of the Department, naming the person to whom such notice was given and specifying the time, place and manner of the giving thereof. * * *."

"Sec. 32(d). Any person wilfully failing to return license or registration as required in Section 31 shall be fined not more than Two Hundred Dollars ($200.)."

■ When the Department sent the notices to surrender the licenses and registrations, respondents instituted this present suit in the County Civil Court at Law No. 1 of Harris County. They argue that this suit is an appeal from the notices to surrender. They moved the Court to stay the

notices to surrender which the court did. This case is, therefore, an attempted appeal from the notices to surrender rather than an attempted appeal from the earlier suspension orders.

Respondents say they are entitled to a judgment, even though we should decide, as we do, that the Shelby County proceedings were void. They say they appealed from the notices to surrender and that on such an appeal, the Department has the burden to prove de novo the Department's grounds for each of its notices to surrender and also grounds for the suspension orders upon which the notices to surrender rest.

Each respondent, after receipt of a suspension notice pursued his appeal to a court which lacked jurisdiction; but each one was accorded the opportunity to appeal and try the matter of suspension. This is not a case in which the licensee complains that his license and registration were suspended and ordered surrendered without an opportunity to appeal. Section 2(b), Article 6701h, Vern.Tex.Civ.Stats. embodies the portion of the statute which specifies the right to an aggrieved party to appeal. It provides:

"Sec. 2(b). Any order or act of the Department, under the provisions of this Act, may be subject to review within thirty (30) days after notice thereof, or thereafter for good cause shown, by appeal to the County Court at Law at the instance of any party in interest and in the county wherein the person aggrieved by such order or act resides, or if there be no County Court at Law therein, then in the County Court of said county, or if there be no County Court having jurisdiction, then such jurisdiction shall be in the District Court of said county, and such Court is hereby vested with jurisdiction, and such appeal shall be by trial de novo. The Court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision of the Department, * * *."

Section 2(b) entitles an aggrieved person to a review from "(any) order or act of the Department * * *." Section 31 requires the Department to notify a licensee or registrant to surrender his license and registration when they have been suspended. When a licensee receives notice of a suspension order which is operative against him and then exhausts his right of appeal so that the suspension order becomes final, the surrender of the license and registration follow as the penalty imposed by the law. Section 2(b) of the Act accords each licensee and registrant the right to one appeal from an order suspending his license or registration.

Respondents, having exhausted their right of appeal from the suspension order, are not entitled to appeal from a notice to surrender and again try the validity of the suspension order. Respondents' argument is that they are entitled to one appeal from the original suspension order, a second appeal from the notice to comply with the final suspension order by the surrender of the license and registration, and supposedly even a third appeal if the Department later institutes criminal action for non-compliance as authorized by Section 32(d). The effect of respondents argument is that the Department must prove on each appeal all of the elements of the Department's right to order a suspension.

We hold that the suspension orders were in force at all times, and were never stayed. They become final upon respondent's failure timely to appeal. Respondents have no right to appeal de novo from the notices to surrender a license or registration.

We reverse the judgments of the courts below and render judgment that the respondents take nothing by their suit.