**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Philmore POLK, Jr., Appellee.**

**No. 15981.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 2, 1972.

Joe Resweber, County Atty., Richard I. Colton, Asst. County Atty., Houston, for appellant.

Francis L. Williams, Houston, for appellee.

COLEMAN, Justice.

This suit was instituted in the County Court at Law No. 1, Harris County, Texas,

as an appeal from an order of the Texas Department of Public Safety suspending appellee's operator's license No. 3751342 and Texas Commercial Operator's License No. 3751342. The case was tried to the court without a jury. The court found that appellant failed to present evidence justifying the suspension of appellee's operator's license, and ordered the action to suspend the license dismissed. The court also enjoined appellant from further proceedings to suspend appellee's licenses.

At the trial of this case on February 1, 1972, appellee testified that he had lived in Dallas, Texas, for about three years; that he received a letter from appellant about September 29, 1970, notifying him of a hearing on the suspension of his license; he also received a letter about November 20 explaining that his license was suspended for a period of six months by the Municipal Court of Houston; that he was not a resident of Houston, Harris County at the time this suit was filed.

In his petition appellee alleged that on or about the 27th day of October, 1970, "the Municipal Court of the City of Houston, Harris County, Texas, made an affirmative finding that the plaintiff, while under arrest, refused upon the request of a law enforcement office, to submit to a chemical breath test. That on or about the 13th day of November, 1970, plaintiff received a communication from the defendant that plaintiff's Texas Operator's License No. 3751342 and Texas Commercial Operator's License No. 3751342 had been suspended for a period of six (6) months, effective the 20th day of November, 1970." This suit was filed on December 11, 1970, "to vacate and set aside the said ruling of the Defendant suspending plaintiff's licenses, . . . ."

Art. 802f, Vernon's Ann.P.C., provides that where a person, under arrest for any offense arising out of acts alleged to have been committed while he was driving or in actual physical control of a motor vehicle, refuses upon request by a law enforce-

ment officer to submit to a chemical breath test, none shall be given, but the Texas Department of Public Safety shall set the matter for a hearing as provided in Section 22(a), Art. 6687b, Vernon's Ann.Civ. St. In the event the hearing results in specified affirmative findings the Director of the Department shall suspend the driver's license of such person. Section 4 of this Article of the Penal Code provides that appeals from "all actions of the department under this Act in suspending . . . a license" shall be governed by Article 6687b, V.T.C.S.

Article 6687b, V.T.C.S., provides for an appeal from the hearing provided in Section 22(a) to the County Court of the county wherein the hearing was held. As originally enacted in 1959 Sec. 22(c) also provided for an appeal by such person to the County Court, or County Court at Law, of the county of his residence from the order of the Department suspending his license if the license is suspended for reasons set out in Sec. 22(b). See Texas Department of Public Safety v. King, 366 S.W.2d 215 (Tex.1963). This provision was deleted from Section 22(c) by subsequent amendments, and appeals must conform to the provisions of either Section 22(a) or Section 31 of the Act.

Section 31, Art. 6687b, V.A.C.S., provides that any person whose license is suspended shall have the right to file a petition "within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside . . . and such court is hereby vested with jurisdiction," to determine whether the petitioner is subject to the suspension of his license under the provisions of the Act.

It is established by appellee's testimony that he was not a resident of Harris County at the time this case was filed in the County Court at Law of Harris County. The court lacked jurisdiction of the case and its judgment is void. If the appeal was attempted under Section 31, Arti-

cle 6687b, supra, the court lacked jurisdiction because Harris County was not the county of appellee's residence. There can be no jurisdiction under 22(a), supra, because jurisdiction of such appeals is given to the constitutional county courts, not the statutory county courts at law. Texas Department of Public Safety v. Morris, 436 S.W.2d 124 (Tex.1968); Williams v. Texas Department of Public Safety, 371 S.W. 2d 747 (Tex.Civ.App.-Houston, 1st, 1963).

The judgment is reversed and the cause is ordered dismissed.