**Ralph MUTCHLER, et al., Appellants,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, et al., Appellees.**

**No. 14154.**

Court of Appeals of Texas, Austin.

Nov. 14, 1984.

Rehearing Denied Dec. 12, 1984.

Bob Gorsky, Robert T. Baskett, Burleson, Pate & Gibson, Dallas, for appellants.

Jim Mattox, Atty. Gen., Philip Durst, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, KEITH * and BRADY, JJ.

BRADY, Justice.

This appeal arises from a class action by commissioned officers of the Texas Department of Public Safety requesting the court to declare statutory provisions that commissioned DPS officers should receive supplemental pay to be mandatory. The trial court held that it did not have jurisdiction over the Department of Public Safety, hereinafter DPS, because that agency was protected from suit by sovereign immunity. Further, the trial court rendered judgment declaring that appellee, Colonel James Adams, the Director of DPS, was not in violation of the statute in failing to pay such supplemental benefits to these officers.

Since 1974, the Texas Department of Public Safety has campaigned hard for overtime or supplemental pay for its officers. Budget requests submitted to the Legislature during the past five sessions all have included such supplemental pay.

Colonel Wilson Speir, the former head of DPS, in the 1976–1977 biennium included a "priority request" for appropriation to pay "at least 10% compensation above base salary for law enforcement personnel for unscheduled overtime." In 1977, the Legislature passed H.B. 151, now codified as Tex. Civ.Stat.Ann. art. 4413(17a) (Supp.1984), and in 1983, amended the act so that it now provides as follows:

(a) This section applies to an officer commissioned by the Department of Public Safety who is not employed in a position the director of the department has declared to be administrative, executive, or professional.

(b) If, during a calendar week, the total of the hours worked by a commissioned officer and the hours of leave taken for which the officer is entitled to compensation, including approved sick leave, vacation, holidays, holiday compensatory time, emergency leave, administrative leave, and jury duty, is more than 40 hours, the excess is overtime. For each calendar month, the overtime for each week ending during that month shall be totaled. If the total overtime for the month exceeds eight hours, the officer may receive, in addition to his regular monthly salary, a supplement according to the following applicable formula:

(1) a commissioned officer who accumulates more than eight hours but less than 16 hours of overtime in a given calendar month may receive five percent of the officer's regular monthly salary;

(2) a commissioned officer who accumulates 16 or more hours but less than 32 hours of overtime in a given calendar month may receive 10 percent of the officer's regular monthly salary; and

(3) a commissioned officer who accumulates 32 or more hours of overtime in a given calendar month may receive 15 percent of the officer's regular monthly salary.

---

* Keith, Justice (Retired), Ninth Court of Appeals, sitting by assignment. See Art. 1812, as amended.

**284**

(c) The formula prescribed by Subsection (b) of this section is the exclusive method of computing state compensation for overtime entitlements.

(d) A commissioned officer may receive a supplement paid by the federal government and earned while working on a project funded by the federal government, and that supplement may not be considered in determining a commissioned officer's entitlement to the supplement described in Subsection (b) of this section.

(e) This section applies only to the computation of overtime entitlements and does not apply to the method of compensating a commissioned officer for working on regularly scheduled state holidays.

(f) If the funds appropriated to the department to provide supplemental pay are insufficient to pay all earned overtime entitlements, the director of the department may provide for compensatory time to be taken during the biennium in which the entitlements are earned.

The fiscal note which accompanied this legislation contained the statement that an annual appropriation of over four million dollars would be required to implement and fund art. 4413(17a). The Legislature has never seen fit to fund this law. The pre-amendment or original art. 4413(17a) provided that certain DPS officers "*shall* receive ... a supplement not to exceed ten percent (10%) of his regular salary." It was this provision that was the basis of appellants' argument that these provisions of art. 4413(17a) were mandatory and required payment of supplemental benefits, citing our holding in *Ramirez v. State*, 550 S.W.2d 121, 124 (Tex.Civ.App.1977, no writ). There we held that while the word "shall," when used in a statute may be and frequently is directory, the word is generally construed to be mandatory, citing as authority *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (Tex.1956). Thus, appellants argue that the statute is mandatory and Colonel Adams has a "duty" to take budget surpluses from other areas and transfer these monies for supplemental pay for his officers.

Appellees respond that Texas law requires that two "independent prerequisites be met" before state funds may be expended: (1) there must be not only the statutory authorization creating the program, but (2) there must be also a specific legislative appropriation. The Texas Legislature did pass the necessary statutory authorization in art. 4413(17a). However, the Legislature failed to fund the program. Appellees state that taking any surpluses from other areas and transferring these funds for supplemental pay would circumvent the Legislature's refusal to make these specific appropriations. Appellees conclude by stating that the Legislature did not appropriate any funds for such a purpose, and without such specific appropriation by the Legislature, such supplemental pay cannot be paid by virtue of Tex. Const. Ann. art. 8, Sec. 6, which reads:

No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law;

\* \* \* \* \* \*

Appellees cite, in support of this proposition, the cases of *Pickle v. Finley*, 91 Tex. 484, 44 S.W. 480 (1898) and *Texas Department of Public Safety v. Morris*, 426 S.W.2d 290 (Tex.Civ.App.1968), *rev'd on other grounds*, 436 S.W.2d 124 (Tex.1968), wherein it was held that although costs were properly taxed against the Texas Department of Public Safety, payment could only be made from funds specifically appropriated for such purpose by the Legislature.

The trial court's finding that it had no jurisdiction over the Department of Public Safety was not brought before this Court for review. Therefore, we are precluded from addressing this point. Further, as was pointed out by appellants, Department of Public Safety director, Colonel James B. Adams, was instrumental in helping to secure the passage of legislation for supplemental pay for his officers. Every biennium since 1974, the DPS has made a "priority request" for funding of overtime or sup-

plemental pay. Each session the Legislature declined to appropriate such funds. The Coordinator of the Legislative Budget Board testified at trial that any payments for supplemental or overtime pay must come from a specific "line item" appropriation. To transfer unrelated surplus funds to pay for a program that the Legislature has consistently refused to fund, which Colonel Adams has correctly refused to do, would thwart the intent of the Legislature and violate the spirit, as well as the letter, of the Texas Constitution.

While the members of this Court are not unsympathetic to the cause advocated so persuasively by the appellants, the time honored principle of separation of powers prohibits us from doing what the Legislature has refused to do. Therefore, we must affirm the judgment of the trial court which declared that appellee was not violating the provisions of art. 4413(17a) by refusing to transfer surplus funds to pay for supplemental pay benefits.

The judgment of the trial court is affirmed.