

# THE ATTORNEY GENERAL
## OF TEXAS

June 7, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock　　　　　Opinion No. JM-916
Comptroller of Public Accounts
L.B.J. State Office Building　Re: Authority of the comp-
Austin, Texas　　78774　　　　troller to contract with paid
　　　　　　　　　　　　　　　informants for information
　　　　　　　　　　　　　　　about revenue or property the
　　　　　　　　　　　　　　　state may be legally entitled
　　　　　　　　　　　　　　　to recover　(RQ-1302)

Dear Mr. Bullock:

You have requested an opinion on questions arising under article 4344g, V.T.C.S., which was adopted in 1987 by House Bill No. 921 of the 70th Legislature. Acts 1987, 70th Leg., ch. 874, at 2971. Article 4344g, V.T.C.S., authorizes you to contract with any person to receive information about claims for the recovery of revenue or property which the state may be entitled to pursue, except for property subject to escheat by the state. V.T.C.S. art. 4344g, §1(a). See Prop. Code ch. 71-75. This enactment creates a financial incentive to persons who may be able to aid the state in recovering dormant accounts. Bill Analysis to H.B. No. 921, 70th Leg. (1987), on file in the Legislative Reference Library.

You first ask whether this statute violates article III, section 51, of the Texas Constitution, which provides in part:

> Sec. 51. The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of indivi- duals, municipal or other corporations whatsoever. . . .

This provision prohibits giving away public funds; it does not deny the legislature the use of state funds for state purposes. State v. City of Dallas, 319 S.W.2d 767 (Tex. Civ. App. - Austin 1958), aff'd 331 S.W.2d 737 (Tex. 1960). To comply with the requirements of article III, section 51, any contract between a private individual and the state must

serve a public purpose, adequate consideration must go to the state, and there must be contractual provisions designed to insure that the public purpose is carried out.  See, e.g., Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd); Attorney General Opinion Nos. H-1309, H-1260 (1978); H-912 (1976).

Article 4344g, V.T.C.S., provides as follows:

> (a)  The comptroller of public accounts may contract with any person for the receipt of information about any possible claim that the state may be entitled to pursue for the recovery of revenue or other property, except that this Act shall in no way relate to or affect property which is recoverable by the state pursuant to Chapters 71-75, Property Code.

> (b)  In any contract under Subsection (a) of this section, the total consideration to be paid by the state:

> (1)  shall be contingent on a recovery by the state;

> (2)  may not exceed five percent of the amount of the revenue or the value of the other property that the state recovers as a result of the pursuit of the claim about which the contracting person provided information; and

> (3)  may be limited by agreement to not exceed a specified, absolute dollar amount.

> (c)  Consideration may not be paid by the state pursuant to a contract executed under Subsection (a) of this section if at the time the contract is executed or within three months after the date of execution, and by means other than disclosure under the contract, a state employee has knowledge of the claim disclosed under the contract or has knowledge of a cause of action different from that disclosed under the contract but entitling the state to recover the same revenue or other property. An affidavit by a state employee claiming that knowledge under

those circumstances is prima facie evidence of the knowledge and circumstances.

It is a public purpose of the state to locate and recover revenue and other property to which it is entitled. See, e.g., Tex. Const. art. III, §49a (comptroller's duty to estimate anticipated revenue for state from all sources); Gov't Code §403.011(2) (comptroller's duty to adopt regulations for collection of state revenues), §403.055 (warrant may not be issued to person indebted to the state); §403.091 (transfer to general revenue fund of balance in dormant fund); Property Code ch. 71-75 (provisions for escheat of funds to state).

Article 4344g, V.T.C.S., authorizes the comptroller to contract with a person to purchase information about claims to revenue or other property which the state may have. Properly authorized officers of the state may enter into a contract for services to be performed for the state. Fazekas v. University of Houston, 565 S.W.2d 299 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ ref'd n.r.e.), cert. dismissed, 440 U.S. 952 (1979). This statute makes payment of consideration contingent upon a recovery by the state and limits it to 5% of the amount of revenue or value of property that the state recovers. Thus, the state will receive adequate consideration for any payment made.

Moreover, the state may not pay consideration pursuant to an article 4344g contract where a state employee has knowledge of the claim disclosed under the contract or other knowledge entitling the state to recover. See V.T.C.S. art. 4344g(c). This provision prevents the state from compensating a private individual for information which duplicates information in the possession of the state at the time the contract is signed or within three months thereafter.

Section 4344g(c), V.T.C.S., also effectively prevents a state employee from entering into a contract with the comptroller under subsection (a) of that statute. If a state employee knows of a claim for revenue or property which the state is entitled to pursue, the state may not pay consideration under contract for information about that claim. Some state employees have an express duty to investigate and pursue claims on behalf of the state. See, e.g., General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. I, rider 16, at 303 (collection of delinquent judgments by attorney general); Educ. Code §52.39 (collection of money due on student loans). Subsection (c) of article 4344g, V.T.C.S., thus insures that the state will not pay extra compensation to a state employee for

information he has received on behalf of the state in his capacity as a state employee. See Tex. Const. art. III, §44 (legislature may not grant extra compensation to public servant after public service shall have been performed); V.T.C.S. art. 6252-9b, §8 (standards of conduct for state officers and employees); Penal Code §39.03(a) (misuse of official information).

We finally note that article 4344g, V.T.C.S., does not establish a traditional reward program, under which the government offers a reward to the general public, payable upon performing a specific service, and an individual accepts the offer by performing. See, e.g., Broadnax v. Ledbetter, 99 S.W. 1111 (Tex. 1907) (sheriff offered reward for recapture of an escaped prisoner). Under such reward programs, the contract is formed only when an individual accepts the state's offer by performing the requested service, and the courts have struggled with questions of contract formation as well as the validity of rewards under article III, section 51. See Blain v. Pacific Express Co., 6 S.W. 679 (Tex. 1887) (individual who captured one of two criminals not entitled to half of reward offered for capture of both criminals); Weaver v. Scurry County, 28 S.W. 836 (Tex. Civ. App. 1894, no writ) (statute authorizing payment of bounties for destruction of wild animals analyzed for compliance with article III, section 51, of the Texas Constitution). Since article 4344g, V.T.C.S., contemplates that you will receive information pursuant to a contract, we need not address the questions raised by a reward program.

You next ask whether there is an appropriation from which to pay for information received under an article 4344g contract. Article VIII, section 6, of the Texas Constitution provides in part:

> No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law. . . .

No particular form of words is required to make a "specific appropriation;" it is sufficient if the legislature authorizes an expenditure and specifies the purpose for which an appropriation is made. National Biscuit Co. v. State, 135 S.W.2d 687 (Tex. 1940). The appropriation for the comptroller's office, like appropriations to other state agencies, is itemized according to programs or functions of the office. It does not identify each salaried position or each contemplated expenditure; nor is such minute detail necessary to comply with article VIII, section 6, of the Texas Constitution. See S. & G. Construction Co. v.

<u>Bullock</u>, 545 S.W.2d 953 (Tex. 1977) (appropriation from Available University Fund for permanent improvements and new construction may be used to pay judgment against University of Texas for additional work under a construction contract); Attorney General Opinion Nos. MW-251 (1980); H-1275 (1978); H-944 (1977); H-289 (1974); WW-865 (1960) (construing terms of appropriations).

Your current appropriation provides in part:

COMPTROLLER OF PUBLIC ACCOUNTS
STATE COMPTROLLER'S OFFICE

For the Years Ending
August 31,   August 31,
  1988          1989

1. Central Administration
   a.  Executive Administration
   b.  Budget and Internal Accounting
   c.  <u>Revenue Estimating and Research</u>
   d.  Legal Services

       Total, Central Administration

2. Tax Administration:
   a.  Tax Policy and Taxpayer
       Services
   b.  Tax information
   c.  Field Operations:  Headquarters
   d.  <u>Field Operations:  Enforcement</u>
   e.  Field Operations:  In-State Audit
   f.  Field Operations:  Out-of-State Audit

   . . . .

       Total, Tax Administration

3. Funds Management:
   a.  Fund Accounting
   b.  Claims

       Total, Funds Management

4. Aircraft Operations

5. Cost of Cigarette Tax Stamps,
   estimated

6. State Government Accounting Division

7.  Implementation of Bills Passed by
    the 70th Legislature, Regular Session

    GRAND TOTAL, COMPTROLLER   OF
      PUBLIC ACCOUNTS, STATE
      COMPTROLLER'S OFFICE

(Emphasis added.)

Acts 1987, 70th Leg.,  2d C.S.,  ch. 78,  at 319 (amounts  of appropriation items omitted).   Specific amounts are  appropriated for each  item and the  purpose of each  expenditure is stated.  We  find  no provision  which  bars the  use  of appropriated funds  to  make  payments  for  article  4344g, V.T.C.S., contracts.  See generally,  In the matter of  D___ H___, 556 S.W.2d 628 (Tex. Civ. App. - Waco 1977, writ ref'd n.r.e.) (rider  barring use  of  appropriated funds  to  pay judgment unless such payment was specifically authorized  in an item of  appropriation).  The fiscal  note to House  Bill No. 921 states that the  bill "would have negligible  fiscal implications to the State. . . ."   Fiscal Note to H.B.  No. 921, 70th Leg. (1987), on file at the Legislative  Reference Library.  Thus, the legislature would be unlikely to  devote a separate line item to appropriations authorized by article 4344g, V.T.C.S. See generally Mutchler v. Texas  Department of Public Safety, 681 S.W.2d  282 (Tex. App. - Austin  1984, no writ) (appropriated funds could not be used for  overtime pay where program  would cost over  $4,000,000 per year  and legislature had  consistently  refused  to  fund  it).   Our concern is whether there are  line items in your  appropriation that  could be  used to  fund article  4344g  contracts consistent with the legislature's  intent in adopting  items of appropriation.

    Item 7 is subject to a rider which states that it shall be used to administer several specifically identified  bills adopted by the 70th session of the legislature.  Acts  1987, 70th Leg., 2d C.S.,  ch. 78, rider 16,  at 323.  House  Bill No. 921 is not included in this list; therefore, we conclude that the legislature did not intend item 7 to be a source of payments for information received pursuant to article 4434g, V.T.C.S.  However, the acquisition of information leading to the state's  recovery of  revenue  or other  property would fall within the purpose  of other items.  The items of  the appropriations to  your  office reflect  the  functions  and programs of your office.  If you reasonably determine  that the article  4344g, V.T.C.S.,  contracts should  be  handled under a  particular program  activity of  your office,  then the funds appropriated  for that  purpose  may be  spent  to implement article 4344g,  V.T.C.S.  You are  in  the  best

position to  determine where  this new  statutory  authority
fits into the overall structure  of your agency, but we  can
suggest some items which could reasonably be used to pay for
information leading to the  recovery of revenue or  property
by the state.    For example, funds  appropriated as item  d.
under "Tax Administration"  to enforce  tax collection  laws
could be spent to acquire information about taxes owing  the
state.  See generally Comptroller of Public Accounts, Budget
Estimates for Fiscal  Years 1988  and 1989  (July 1986),  at
135 (description of Tax  Administration:  Field  Operations:
Enforcement).   Items 2e. and  2f., for in-state and  out-of-
state audit, might also be used to acquire information about
revenues and other property which the state may be  entitled
to claim.

We do not overlook the possibility that your office has
already budgeted  its appropriation  so  that no  funds  for
article 4344g, V.T.C.S., contracts are available from any of
the appropriation items which might be used for that purpose
consistent with  the  legislature's  intent  in  making  the
appropriation.  Article 4344g,  V.T.C.S., authorizes you  to
enter into contracts but does not require you to do so,  and
you have discretion to allocate appropriated funds to  other
authorized activities  of your  office rather  than to  this
one.

You finally ask whether your office would be authorized
to show the informant information otherwise deemed confiden-
tial under sections 111.006, 151.027  or 171.206 of the  Tax
Code to demonstrate that he is not entitled to  compensation
or is receiving the correct compensation for the information
he furnished.[1]

Title II of  the Tax  Code contains the  laws on  state
taxation, including chapters 111, 151, and 171.  Chapter 111
of the Tax Code sets out the comptroller's powers and duties
in collecting taxes imposed by title II.   Tax Code §111.001.
He has authority  to adopt  rules not in  conflict with  the
laws or constitution for  the enforcement of the  provisions
of title  II  and the  collection  of taxes  and  other  re-
venues thereunder. Tax Code §111.002(a).   To carry out  the
provisions of title II he may examine a taxpayer's books and

---

1.   Sections 154.308 and 155.185 of the Tax Code, which
formerly provided  for  the confidentiality  of  information
relevant to tax or cigarettes, cigars, and tobacco products,
have been  repealed.   Acts 1985, 69th Leg., ch. 58, §44.

records.  Tax Code  §§111.004; 111.0041; 111.0043.    Section 111.006 of the Tax Code provides for the confidentiality  of information obtained by examining a taxpayer's records:

(a)  <u>The following matter is confidential and may not be used publicly, opened to public inspection, or disclosed except as permitted under Subsection (b) of this section</u>:

(1)  a federal  tax return  or  federal tax return  information required  to  have been submitted to  the comptroller with  a state tax return or report; and

(2)  all information secured,  derived, or obtained  by  the  comptroller  or  the attorney general during  the course of  an examination  of   the  taxpayer's  books, records,  papers,   officers,  or  employees, including an examination  of the  business affairs,  operations,  source of  income, profits,  losses,  or expenditures  of  the taxpayer.

(b)  All  information made confidential  in this title  may not  be subject  to  subpoena directed to the  comptroller or the  attorney general except  in  a  judicial  or  adminis- trative  proceeding  in  which  this   state, another state, or the federal government is a party.

(c)  The  comptroller   or  the   attorney general may use  information or records  made confidential by provisions  of this title  to enforce any provisions of  this title or  may authorize their  use  in  a  judicial  or  an administrative  proceeding   in  which   this state, another state, or the federal  govern- ment is a party.  (Emphasis added.)

Tax Code §111.006.  <u>See  generally</u> Attorney General  Opinion H-661 (1975); H-223  (1974); Open Records  Decision No.  300 (1981) (members of  the public are  not entitled to  inspect under Open  Records Act  taxpayer records  in comptroller's custody which are protected by confidentiality provisions).

Section 111.006 of the Tax  Code is a strict  confiden- tiality provision.  Subsection  (c)  of  that section  allows

the comptroller or attorney general to use such information to enforce the tax laws in title II or to authorize their use in specified judicial or administrative proceedings. It contains no language that would authorize the comptroller to reveal confidential information to an informant with whom he has contracted under article 4344g, V.T.C.S. Chapter 151 of the Tax Code, which deals with the administration of sales, excise, and use tax, and chapter 171, which pertains to franchise tax liability, are subject to the confidentiality provision of section 111.006 of the code and include specific confidentiality provisions as well. Tax Code §§151.027, 171.206. The comptroller may not disclose to an informant under a section 4344g contract information deemed confidential under sections 111.006, 151.027 or 171.206 of the Tax Code.

## S U M M A R Y

Article 4344g, V.T.C.S., which authorizes the comptroller to contract with informants to pay them for information about revenue or property the state may be entitled to recover, does not violate article III, section 51, of the Texas Constitution. State employees are not authorized to contract with the comptroller to provide such information in exchange for consideration under an article 4344g, V.T.C.S., contract. Funds appropriated to the comptroller's office may be used to fund article 4344g, V.T.C.S., contracts, even though the appropriation act does not expressly state that such contracts may be funded. Whether a particular line item may be used to fund such contracts depends upon the legislature's intent in adopting that line item. The comptroller's office would not be authorized to show an informant information that is confidential under sections 111.006, 151.027, or 171.206 of the Tax Code.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General