OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 3, 2001

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0438

Re: Longevity pay for certain assistant prosecutors (RQ-0397-JC)

Dear Ms. Reed:

You have asked this office several questions regarding a recent amendment to chapter 41 of the Government Code, which adds subchapter D thereto mandating longevity pay for assistant prosecutors who have accrued at least four years of service.[1] We conclude that the statute in question requires the county to make this payment whether or not the legislature has appropriated enough for the county to be reimbursed, that the payments may not be offset against any other portion of an employee's compensation, and that the first four years of accrued service are counted in the calculation of the longevity pay.

House Bill 178, enacted by the 77th Texas Legislature, adds subchapter D to chapter 41 of the Government Code. *See* Act of May 15, 2001, 77th Leg., R.S., ch. 378 Tex. Sess. Law Serv. 663 (to be codified at TEX. GOV'T CODE ANN. §§ 41.251-.257). House Bill 178 is effective on January 1, 2002, *see id.* at 665, and we will hereinafter refer to it as it will appear codified in the Government Code. Pursuant to this statute, an assistant prosecutor who has accrued at least four years of lifetime service is entitled to receive a longevity supplement. *See* TEX. GOV'T CODE ANN. § 41.252(a). "The monthly amount of longevity pay is $20 *for each year of lifetime service credit.*" *Id.* § 41.253(a) (emphasis added). The county "shall pay" this supplement out of its general fund and "may not reduce the salary of the assistant prosecutor to offset the longevity pay supplement." *Id.* § 41.255(a), (b). "The state shall reimburse a county for amounts expended for longevity pay supplements under this subchapter." *Id.* § 41.255(d).

You ask first whether the county is obligated to pay the supplement whether or not the legislature has allocated sufficient funds to reimburse it. *See* Request Letter, note 1, at 1. Based upon your reading of the fiscal note accompanying the bill, you believe that there are not sufficient funds allocated for this purpose. *See id.* To decide whether in fact there were not sufficient funds so allocated would require factual determinations of a sort this office does not make in the opinion

---

[1]Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (June 25, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

process. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2; M-187 (1968) at 3; O-2911 (1940) at 2. In the event the legislature has not appropriated sufficient funds to recompense the counties for such payments, the counties have no claim against the state for them. *See Mutchler v. Tex. Dept. of Pub. Safety*, 681 S.W.2d 282, 284-85 (Tex. App.–Austin 1984, no writ); *Socorro Indep. Sch. Dist. v. State Bd. of Educ.*, 968 S.W.2d 547, 553 (Tex. App.–Austin 1998, pet denied) ("If the Legislature did not see fit to provide funding for this mandate, [the court] cannot do it for them.").

On the other hand, the statute does not, as you correctly point out, "make a county's obligation to pay a longevity supplement contingent on reimbursement from the state." Request Letter, *supra* note 1, at 1. Rather, it requires that "the county shall pay [the supplement] . . . out of the county general fund." TEX. GOV'T CODE ANN. § 41.255(a). It is a well-established principle of statutory interpretation that "while the word 'shall,' when used in a statute may be and frequently is directory, the word is generally construed to be mandatory . . . ." *Mutchler*, 681 S.W.2d at 284. Moreover, the bill analysis for House Bill 178 confirms that the language is so intended: "The bill *requires* the county to pay a longevity pay supplement out of the county general fund and prohibits the county from reducing the salary of the assistant prosecutor to offset the longevity pay supplement." HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 178, 77th Leg., R.S., (2001) (emphasis added). As this office has recently reiterated, duties imposed on local officials by the legislature must be performed regardless of whether sufficient resources are made available. *See* Tex. Att'y Gen. Op. No. JC-413 (2001) at 1: *see also* Tex. Att'y Gen. Op. No. H-595 (1975) at 2 (statute imposing duty on sheriff to execute process "is absolute in its terms and an inadequate operating budget will not excuse a sheriff's failure" to comply with statutory duties).

You next ask whether you may credit longevity pay currently provided pursuant to a county program to county employees generally to the $20 per month per service year payment to assistant prosecutors mandated by House Bill 178. *See* Request Letter, *supra* note 1, at 1. You may not. Section 41.253(a) requires that the county supplement assistant prosecutors' pay by $20 per month for each year of lifetime service credit. *See* TEX. GOV'T CODE ANN. § 41.253(a). Section 41.255(b) forbids the county to reduce the salary of an assistant prosecutor "to offset the longevity pay supplement." *Id.* § 41.255(b). Longevity pay is not merely a benefit, but is an element of salary. *See* Tex. Att'y Gen. LO-96-007, at 2 ("Longevity pay, *an incremental increase in salary* based on length of service, has been held to be a part of compensation.") (emphasis added) (citation omitted); Tex. Att'y Gen. LO-97-010, at 4 (longevity pay of Texas Youth Commission teachers included within salary rate). Reading sections 41.253(a) and 41.255(b) together, the statute requires the county to pay each assistant prosecutor who has accrued sufficient service time $20 per month more for each year of service time; that $20 per month is over and above the assistant prosecutor's present rate of compensation. Any crediting of some part of the prosecutor's present compensation is in our view indistinguishable from the offsetting the statute by its terms forbids.

Finally you ask whether "the first four years of a prosecutor's service count in the calculation of longevity pay." Request Letter, *supra* note 1, at 1. They do. The statute provides that "[t]he monthly amount of longevity pay is $20 *for each year of lifetime service credit.*" TEX. GOV'T CODE ANN. § 41.253(a). No such phrase as "excluding the first four years" is to be found here, and this

office has no power to supply such an emendation. "The courts will not read into a statute exceptions which are not embodied therein." *Stubbs v. Lowrey's Heirs*, 253 S.W.2d 312, 313 (Tex. Civ. App.–Eastland 1952, writ ref'd n.r.e.). Nor is it the case, as your letter suggests, that "[a] prosecutor can't receive the supplement until after the fifth year," by which we assume you mean after the accrual of five, rather than four full years. *See* Request Letter, *supra* note 1, at 2. The statutory directive is clear and unambiguous: "The increase is effective beginning with the month following the month in which the *fourth* year of lifetime service credit is accrued." TEX. GOV'T CODE ANN. § 41.253(b) (emphasis added).

## SUMMARY

Subchapter D of chapter 41 of the Government Code, effective January 1, 2002, requires a county to pay a longevity supplement of $20 per month for each year of lifetime service credit to assistant prosecutors who have accrued four years of such credit, regardless of whether the legislature has appropriated sufficient funds to recompense the county for such payments. Such payments may not be offset against any other portion of an employee's compensation. The first four years of service time are to be counted in the calculation of the longevity pay.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee